STATE, EX REL. WINTERS, TREAS., v. KRATT, AUD.

*County commissioners—Power to provide necessary postage and stationery—Section 2419, General Code—Mailing tax statements to tax payers by county treasurer.*

By virtue of the provisions of Section 2419, General Code, authority is vested in the board of county commissioners, in the exercise of their discretion, to provide the necessary postage and stationery for the use of the county treasurer to enable him to send to tax payers a statement by mail of the amount of their taxes.

(Decided January 21, 1926.)

IN MANDAMUS.

*Mr. Harry S. Commager,* assistant prosecuting attorney, *Mr. Frank E. Calkins,* and *Mr. F. M. Sala,* for relator.

*Mr. Roy R. Stuart,* prosecuting attorney, for defendant.

RICHARDS, J.    This is a petition in mandamus commenced in this court by the county treasurer, the object and purpose of which is to compel the defendant, as auditor of Lucas county, to draw his warrant for $1,000 to pay for 50,000 two-cent stamps for the use of relator in sending out tax bills and notices to the taxpayers. A general demurrer has been filed to the petition.

The relator avers in substance that in the course of his duties he has prepared bills of taxes for all property on the tax duplicate. He avers that for many years past, during the tax collection

Counties, 15 C. J. § 265.

period, persons desiring to pay taxes have over-crowded the treasurer's office, and many have been required to wait for several hours in the halls and corridors of the court-house, in order to ascertain the amount of their taxes and pay the same, and by reason of this crowded condition of the office many persons have been prevented from paying their taxes before the final day of payment fixed by law.

The relator further avers that for the purpose of relieving this congestion he determined to send by mail to all taxpayers of Lucas county a statement of their taxes, together with a notice that the same might be paid by sending the amount to the treasurer by mail, and that on January 9, 1926, he requested the board of county commissioners to authorize and to purchase the necessary postage for his use in sending out such tax bills and notices, and he says that on that date the board of county commissioners decided to furnish such postage to the relator, that the same was in its opinion necessary for the proper and convenient conduct of the office of county treasurer, and that said facilities would result in the expeditious and economical administration of the office, and duly authorized the purchase of stamps in the sum of $1,000 for his use and directed the auditor of Lucas county to draw his warrant on the treasury, payable out of the general fund, for $1,000 in payment of 50,000 two-cent stamps to be used for the purposes stated.

Relator further avers that there is in the general fund more than $1,000, not appropriated for any other purpose, and that the auditor has so certified, but refuses to draw the warrant, although

requested so to do. Relator prays that a writ of mandamus may issue against the defendant.

County officials have such duties and powers as are fixed by statute and as are naturally and necessarily implied from the language of the statute. The defendant, in refusing to issue a warrant, relies on a construction of the statutes made by the attorney general of Ohio and published in Opinions of the Attorney General for 1919, Volume 1, page 339. In that opinion the attorney general reviewed the statutes then in force relating to this subject and found none which expressly authorized the payment of postage for this purpose, and gave as his opinion that the omission to expressly provide authority could not be supplied by implication. That opinion was announced on April 12, 1919. On April 17, 1919, the General Assembly amended Section 2419, General Code, (108 O. L., pt. 1, 387), relating to the powers and duties of county commissioners in providing facilities for transacting county business, and in the amendment of that section inserted the following language:

"They shall also provide all the equipment, stationery and postage, as the county commissioners may deem necessary for the proper and convenient conduct of such offices, and such facilities as will result in expeditious and economical administration of the said county offices."

We have no doubt that this language vests ample authority in the county commissioners in the exercise of their discretion to provide stationery and postage for the purposes named. It is significant that the amendment of the statute was made almost immediately after the publication of

the opinion of the attorney general, and was evidently designed to supply the authority the lack of which was indicated in that opinion. It is true that a later opinion of the attorney general, prepared since the amendment of the statute, adheres to the opinion already cited, but apparently without re-examination of the statutes.

The plan adopted by the county treasurer is quite in accordance with modern business methods in populous counties, and, as is averred in the petition, will save time and expense and prevent congestion in the payment of taxes, and be more convenient for taxpayers. The amount of expenditure permitted for postage must not, of course, be allowed to go beyond a sum sufficient for the purpose.

The board of county commissioners having exercised its discretion and directed the issuance of the warrant, the relator is entitled to the relief sought.

The demurrer to the petition will be overruled, and, the defendant not desiring to plead further, a peremptory writ of mandamus will issue as prayed for.

*Peremptory writ of mandamus awarded.*

WILLIAMS, J., concurs.
YOUNG, J., not participating.