CAMPANELLA, AUDITOR, *v.* CUYAHOGA COUNTY ET AL.[1]

[Cite as Campanella v. Cuyahoga County (1977),
57 Ohio Misc. 20.]

(No. 77 971836—Decided August 18, 1977.)

Court of Common Pleas of Cuyahoga County.

McMANAMON, J. This cause is before the court on an amended complaint by plaintiff, Vincent C. Campanella, Auditor of Cuyahoga County, asking for declaratory judgment and injunctive relief. The defendants are Cuyahoga County, Seth Taft, George Voinovich and Robert Sweeney, Commissioners of Cuyahoga County, and Vincent Campanella, George Voinovich and Francis Gaul, the Automatic Data Processing Board of Cuyahoga County.

Defendants have filed a motion to dismiss the complaint, with brief, and, with leave of court, plaintiffs have filed an amended complaint. By agreement of the parties, the court is now requested by the parties to rule on the pleadings, briefs, and exhibits before it as well as oral arguments previously presented by the parties.

Ten years ago the Cuyahoga County Commissioners

---

[1] Judgment affirmed by Court of Appeals on July 5, 1978, case No. 38439. A motion to certify the record was overruled by the Supreme Court of Ohio, October 12, 1978.

established a data processing board pursuant: to R. C. 307.84.

County commissioners are creatures of statute and any power which they have is fully delineated by the legislature. R. C. 307.84 provides the framework to be constructed by any board of county commissioners which desires to establish an agency for automatic data processing.

The General Assembly has mandated the governing members of such data processing board (the county treasurer or his representative, a member or representative of the county commissioners, and the county auditor, or his representative, who is to be board secretary); the powers and duties of the board; the special role of the county auditor as chief administrator of the data processing board; and the broad power of the board to contract for services, not only with county offices but with a full spectrum of governmental bodies, including but not limited to municipalities, park districts, health and conservancy districts and federal agencies.

The data processing board created by the Cuyahoga County Commissioners pursuant to statute in 1967 was abruptly terminated by resolution No. 01599 on June 30, 1977. (The parties do not contend that the data processing board, as created and constituted under the statute, cannot be abolished.)

According to resolution No. 01599, the commissioners desire to alter the statutorily prescribed structure of the data processing board making it administratively responsible directly to the board of county commissioners.[2] To achieve

---

[2]Paragraphs 7 and 8 of the resolution provide:

"WHEREAS, A. T. Kearney, Inc., recommended that the Automatic Data Processing Board's functions and accountabilities be made administratively responsible directly to the Board of County Commissioners; and

"WHEREAS, the Board of County Commissioners has determined that it is in the best interests of the effective and efficient administration and management of Cuyahoga County to have the Automatic Data Processing Board's functions and accountabilities under the administrative direction and responsibility of the Board of County Commissioners;"

this end, the commissioners then have proceeded in their resolution to abolish the data processing board and create a new structure called "Department of Information Systems," with a new chain of command directly responsible to the Commissioners through their administrator. The new department would in effect function as a data processing vehicle for the county but with accountabilities, administrative direction and responsibility at variance with the statute.

R. C. 307.84 is on its face permissive and not mandatory. No county is required to establish a data processing board. However, the legislative intent appears imperative that if the commissioners of a county wish to create an agency to provide automatic data processing systems by contract to county offices and, or, to the myriad of governmental agencies, permitted under R. C. 307.846, then such agency or board must be organized and operative as provided for by law.

This court concurs with that part of the 1977 Ohio Atty. Gen. Ops., No. 77-030, provided to the Cuyahoga County prosecutor which reads, at page 2-112, as follows:

"Once the county automatic data processing board has been abolished, there is no authority under R. C. 307.846 for the county commissioners to enter into contracts to provide data processing services. The intention of the General Assembly in enacting that section was to empower a centralized board to provide uniform, quality data processing services to the agencies and officials enumerated therein, including the board of county commissioners and the data processing boards of other counties. While R. C. 307.846 authorizes one county's board of county commissioners to buy data processing services from either its own county's data processing board, or from another county's automatic data processing board, it does not authorize the board of county commissioners to sell or provide these services to another county's data processing board or any other agency or official. The power to provide such services is vested exclusively within the county automatic data processing board. If this board of county commissioners wish-

es to provide data processing services to the agencies enumerated in R. C. 307.846, it must establish an automatic data processing board for that purpose. In specific answer to your question, the board of county commissioners may not contract with agencies and officials to provide data processing services; this function is exclusively with the power of the automatic data processing board."

This court finds that the county commissioners must provide data processing services under the framework of the data processing board, as created by R. C. 307.84, or they are without authority to provide them at all.

The question that necessarily arises in the instant case is: When a board of county commissioners terminates a data processing board may a county office then establish its own non-centralized data processing system or obtain such services elsewhere? R. C. 307.84 expressly provides:

"After the initial meeting of the county automatic data processing board, no county office shall purchase, lease, operate, or contract for the use of any automatic data processing equipment without prior approval of the board."

The negative inference contained in the statute is that absent a data processing board, a county office which requires data processing services is permittel to seek such services according to the provisions of law and procedures regulating acquisition of any goods and, or, services by a county office.

R. C. 307.01 places a mandatory obligation on the board of county commissioners to provide equipment and facilities as it deems necessary for the proper and convenient conduct of county offices and as will result in expeditious and economical administration of such offices.

However, R. C. 307.84 expressly provides for the specific method of provision of data processing services to county offices by the commissioners. In the event that a county is without a data processing board, those county officers who desire such services are free to secure them elsewhere.

The court has heard evidence and can envision tre-

mendous pressure on all participants in the county data processing system to seek replacement for services upon which some officials and agencies have been depending for up to ten years.

The court recognizes that the plaintiff county auditor relies on data processing to perform his statutory duties as fiscal officer of the county, including the drawing of all checks, vouchers and warrants, auditing the treasurer, compiling the general and tax duplicate, appraising the tax duplicate and acting as agent for the Tax Commissioner of Ohio in collecting the intangible personal property tax. For the county commissioners to abolish the data processing board, leaving plaintiff with no available data processing service and with a continuing burden of statutory duties, would be the cause of great disruption and potential harm to the orderly function of county government.

Wherefore, this court renders judgment as follows:

1. An automatic data processing board, created, constituted, and operated under the provisions of R. C. 307.84 through 307.846, is the only agency which may be used by the Cuyahoga County Commissioners in the provision of data processing services according to law.

2. The operation of resolution No. 01599 of the Cuyahoga County Commissioners terminating the data processing board is suspended for ninety days to allow plaintiff to secure such data processing services as are necessary for the proper and convenient conduct of the office of County Auditor in the manner provided for by law.

*Judgment accordingly.*