## COMMONWEALTH vs. JAMES A. HARRIS.

Suffolk.   February 3, 1981. — June 2, 1981.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Search and Seizure,* Threshold police inquiry.

There was no error in the denial of a defendant's motion to suppress as
evidence a controlled substance found in the defendant's pocket during
a routine pat-down search after the defendant had activated a metal
detector on entering the Suffolk County Court House, where he made
no objection to the search and the search was limited and no more in-
trusive than necessary in the circumstances. [656-658]

COMPLAINTS received and sworn to in the Boston Munici-
pal Court Department on January 18, 1980.

A pretrial motion to suppress evidence was heard by
*Feeney,* J., and the cases were heard by him.

After review was sought in the Appeals Court, the Su-
preme Judicial Court ordered direct appellate review on its
own initiative.

*Randolph M. Gioia* for the defendant.

*M. Catherine Huddleson,* Legal Assistant to the District
Attorney (*Michael J. Traft,* Assistant District Attorney,
with her) for the Commonwealth.

BRAUCHER, J.   After a jury-waived trial in the Boston
Municipal Court, the defendant was convicted of possession
of class C (LSD) and class D (marihuana) controlled sub-
stances.   He claims error in the denial of his motion to sup-
press the controlled substances.   The LSD was discovered as
a result of a routine search when he entered the Suffolk
County Court House; the marihuana was discovered in an
inventory search at the police station following his arrest.
The judge ruled that the defendant consented to the search

at the court house. We transferred the case to this court on our own motion, and we affirm the convictions.

We summarize the evidence presented at the hearing on the motion to suppress. On January 18, 1980, the defendant entered the Suffolk County Court House, and went through a metal detector. In front of the detector was posted a sign warning the public of a search.[1] Like about 85 per cent of those who enter, the defendant activated the detector. A security officer explained the procedure to the defendant, telling him that persons who set off the detector were to be "frisked." A frisk disclosed a vial in the defendant's pocket; the officer asked the defendant to take it out, and the defendant did so. Asked what was in the vial, the defendant said "it was nothing, just pills, a pill box." The officer said he would have to keep it, since there was no prescription written on it. The defendant said, "all right," and was given a receipt. A second officer, who had ten years' experience in the drug control unit, expressed the opinion that the vial contained LSD, and when the defendant returned and signed a receipt for the vial he was arrested. At the police station marihuana was found in the defendant's pocket.

We take judicial notice, as have other courts, that threats of violent acts directed at court houses have given rise to an urgent need for protective measures. *McMorris* v. *Alioto,* 567 F.2d 897, 899 (9th Cir. 1978). *Downing* v. *Kunzig,* 454 F.2d 1230, 1231 (6th Cir. 1972). *Barrett* v. *Kunzig,* 331 F. Supp. 266, 269 (M.D. Tenn. 1971), cert. denied, 409 U.S.

---

[1] "For the protection of the public, all persons entering these premises must pass through the metal detector. If the detector registers, that person will be subject to a limited search. All packages, briefcases, pocketbooks or other items carried by a person must be offered for inspection. All legally registered weapons must be produced and surrendered to the deputy sheriff and may be re-claimed upon leaving the Courthouse. Any illegal weapons or other contraband discovered in the course of these search procedures will be seized.

"Entrance into this Courthouse, shall be deemed to constitute consent to the performance of all of the above security procedures." The notice was signed by the court house commission.

914 (1972). The protective measures taken raise problems comparable to those presented by airport searches, and the legal analysis has been similar. See 3 W.R. LaFave, Search and Seizure, §§ 10.6, 10.7(a) (1978). Where a search of persons entering a public place is necessary to protect a sensitive facility from a real danger of violence, an "administrative search" without a warrant may be justified. "The search must be limited and no more intrusive than necessary to protect against the danger to be avoided, but nevertheless reasonably effective to discover the materials sought. The inspection must be conducted for a purpose other than the gathering of evidence for criminal prosecutions." *McMorris v. Alioto, supra* at 899.

In the present case the initial search by a metal detector was limited, and was no more intrusive than necessary. Activation of the detector warranted a further investigation for metal, but it was also reasonable to inspect any packages for such lethal nonmetallic contents as explosives or corrosive acid. There is no indication of any ulterior purpose or subterfuge, and the officers appear to have behaved in a courteous, respectful, and orderly manner. The defendant was not singled out for different treatment from others similarly situated, the search could not have been a surprise to him, and he made no objection. Although elements of coercion were inherent in the situation, the element of voluntariness reduced the intrusiveness of the procedure. See *United States v. Albarado*, 495 F.2d 799, 807-808 (2d Cir. 1974). We do not accept the conclusion suggested by the *Albarado* case (*id.* at 809-810) that the pat-down disclosing the vial in the defendant's pocket was fatally intrusive. Even though the defendant's consent was insufficient to validate a full-scale search for evidence of crime under *Schneckloth v. Bustamonte*, 412 U.S. 218, 247-249 (1973), we think the judge's finding that the search was consensual was warranted in the same way as in the airport search cases. *McMorris v. Alioto*, 567 F.2d 897, 901 (9th Cir. 1978).

Once the officers had probable cause to believe that the vial contained LSD, its seizure and the arrest of the defendant were valid even though drugs were not the object of the search. *United States* v. *Skipwith,* 482 F.2d 1272, 1277-1278 (5th Cir. 1973). The inventory search at the police station was also proper. The motion to suppress was properly denied.

*Judgments affirmed.*