RHODE ISLAND DEFENSE ATTOR-
NEYS ASSOCIATION, et al.

v.

James H. DODD, et al.

No. 80–434–Appeal.

Supreme Court of Rhode Island.

Aug. 10, 1983.

Michael Kiselica, Cranston, for plaintiffs.

Dennis J. Roberts II, Atty. Gen., Alan Tate, Sp. Asst. Atty. Gen., for defendants.

## OPINION

BEVILACQUA, Chief Justice.

■ This case is an appeal by the plaintiffs from a judgment of the Superior Court denying an injunction against James H. Dodd, chief of the Capitol Police, and John Moran, the director of the Rhode Island Department of Corrections, the defendants. The injunction sought to preclude the defendants from instituting a policy of searching all persons entering the Providence County Courthouse (courthouse) and the Adult Correction Institutions (ACI).[1]

This case was heard on an agreed statement of facts. The facts indicate that the Capitol Police have instituted a policy of requiring entrants to the courthouse to pass through a magnetometer scanning device. Any person who activates the detector is asked to pass through the device a second time. If, after the second pass, the individual continues to activate the device, he or she will not be admitted to the courthouse unless he or she submits to a pat-down search. In addition, any parcels, objects, or briefcases brought into the courthouse are inspected for weapons. Rhode Island lawyers may avoid having their briefcases or pocketbooks searched by presenting a special identification card that is available from the Rhode Island Bar Association. Any individual who refuses to pass voluntarily through the detector is not permitted to enter the building.

Furthermore, the stipulated facts noted that a cellblock is maintained on the second floor of the courthouse to house inmates.

The Marshal Service requires all persons to pass through a metal detector before entering the cellblock and to remove for inspection any metal that activates the scanner. In addition, lawyers are not permitted to bring their briefcases into the cellblock. Any individual who refuses to pass voluntarily through the scanner is not allowed access to the cellblock.

The trial justice denied plaintiffs' request for relief, holding that the searches conducted by defendant were reasonable in all respects and, therefore, did not violate the constitutional rights of plaintiffs or deprive anyone of the right to counsel.[2]

■ The issues presented are (1) whether defendant's policies of searching all persons entering the courthouse or the cellblock without making an exception for attorneys was in violation of the Fourth Amendment protection against unreasonable search and seizures, and (2) whether such policies violate the Sixth Amendment entitlement of an accused to the right to counsel.[3]

### I

■ The gravamen of plaintiffs' initial contention is that the search of an attorney who has activated the magnetometer, the search of the attorney's briefcase, and the prohibition against an attorney's bringing his or her briefcase into the cellblock are violations of the Fourth Amendment's protection against unreasonable searches and seizures. We disagree.

The Fourth Amendment guarantees that persons shall be free from unreasonable

---

1. At oral argument, plaintiffs made a motion to recuse the Chief Justice and Justices Kelleher and Weisberger. The basis of plaintiffs' motion was that because the order instituting the security procedures at the courthouse emanated from the Chief Justice, the Chief Justice and the other justices, by their silent acquiescence in the order, were biased. The plaintiffs have shown no possibility of bias, and the motion is denied.

2. We note at the outset that plaintiffs do not contest that part of the Superior Court justice's decision which upheld the constitutionality of the magnetometer scanning.

3. The Superior Court justice did not specifically address the reasonableness of the search initiated at the entrance to the ACI nor did he address plaintiffs' argument that by virtue of their license to practice law in Rhode Island they are entitled to unfettered ingress to the courtroom, the cellblock, and the ACI. Because plaintiffs have not made specific assignments of error on these points, these issues are not perfected for the purposes of this appeal. See Clarke v. Sullivan, 103 R.I. 177, 178–79, 235 A.2d 668, 669 (1967).

searches and seizures. However, an "administrative search" of persons entering a courthouse may be justified when it is necessary "to protect such a sensitive facility from a real danger of violence." *Commonwealth v. Harris*, 383 Mass. 655, ——, 421 N.E.2d 447, 448 (1981). This court takes judicial notice that threats of violent acts directed at courthouses and court personnel have given rise to an urgent need for security protections. *Accord McMorris v. Alioto*, 567 F.2d 897, 899–900 (9th Cir.1978); *Commonwealth v. Harris*, 383 Mass. at ——, 421 N.E.2d at 448. Indeed, these violent acts are not limited to nonlawyers. *See State v. Berberian*, R.I., 459 A.2d 928, 933 (1983) (lawyer found guilty of threatening to place a bomb in a public building). To determine whether the search is reasonable within the meaning of the Fourth Amendment, it is necessary to balance "the need to search against the invasion which the search entails." *Camara v. Municipal Court*, 387 U.S. 523, 537, 87 S.Ct. 1727, 1735, 18 L.Ed.2d 930, 940 (1967). Moreover, it is necessary to inquire about whether the challenged intrusion was reasonably related in scope to the circumstances that justified the interference in the first place. *Terry v. Ohio*, 392 U.S. 1, 19, 88 S.Ct. 1868, 1878, 20 L.Ed.2d 889, 904 (1968).

In the present case any followup investigation after initial activation of the magnetometer is limited and no more intrusive than necessary. An individual who activates the detector is asked to remove any metal from his or her person and walk through the detector a second time. A pat-down search is utilized only as a last resort. Moreover, any inspection of briefcases or pocketbooks is limited and made for the sole purpose of discovering any weapon or such lethal nonmetallic objects as explosives or corrosive acid. There is no indication of any ulterior purpose or subterfuge designed to gather evidence to be used in criminal prosecutions. *See McMorris v. Alioto*, 567 F.2d at 900; *Commonwealth v.*

*Harris,* 383 Mass. at ——, 421 N.E.2d at 448. Because everyone who activates the detector and who carries a briefcase or pocketbook is asked to submit to a secondary limited search, "the inspection is not accusatory in nature and the degree of insult to the entrant's dignity is minimal." *Barrett v. Kunzig,* 331 F.Supp. 266, 274 (M.D.Tenn. 1971), *cert. denied,* 409 U.S. 914, 93 S.Ct. 232, 34 L.Ed.2d 175 (1972). Thus, it cannot be said that an accusatory finger is being unfairly or arbitrarily pointed at any individual. *Id.* Furthermore, the element of voluntariness minimizes the intrusiveness of the procedure. *Commonwealth v. Harris,* 383 Mass. at ——, 421 N.E.2d at 448. Balancing the substantial state interest in protecting state property and personnel from violence against the minimal intrusion against the entrant's personal dignity and privacy, we feel that the state interest in conducting the cursory inspection clearly outweighs the personal inconvenience suffered by the entrant. *Barrett v. Kunzig,* 331 F.Supp. at 274. The only intrusion is a brief stop and a cursory examination of briefcases to determine if any dangerous articles are present.[4] It is our opinion that these procedures, in light of the potential dangers confronting the state, are reasonable.

## II

▪ The plaintiffs also assert that the visual inspection of briefcases for firearms and explosives at the courthouse and the prohibition of briefcases from the cellblock are in violation of the Sixth Amendment of the United States Constitution and art. I, sec. 10 of the Rhode Island Constitution. The cursory inspection here does not infringe upon effective representation of a client by counsel. The inspection involves no confiscation of files or papers, no personal inspection of confidential papers, and no undue restraint of freedom of movement. The ban on briefcases in no way prevents

---

4. An attorney can prevent an examination of his or her briefcase by showing his or her bar association card.

counsel from bringing into the cellblock any and all files and or papers that he or she desires. The plaintiffs have failed to establish even the slightest restriction on representation of a client or any prying into confidential matters.

The plaintiffs' appeal is denied and dismissed, and the judgment appealed from is affirmed.