The defendant, Andrew Goodness, was charged in the District Court with one count of threatening to commit a crime (to wit, murder) under G. L. c. 275, § 2. The Commonwealth appeals from an order allowing the defendant's motion to dismiss the complaint. We affirm.
Background. "Our review of the judge's order of dismissal is confined to the four corners of the application for complaint, which in this case is essentially the ... incident report." Commonwealth v. Ilya I., 470 Mass. 625, 626 (2015). The complaint application stated that the defendant was arrested in the Pittsfield Division of the District Court Department for nonpayment of child support. He was removed from the court room and taken to the lock-up area.
While court Officer Thomas Francesconi was conducting the intake process, the defendant suddenly became very angry. The defendant told Francesconi, "If this ruins my life, I'm coming back here with a machine gun." Francesconi completed the intake process, and another court officer walked the defendant to his cell. On the way, the defendant reiterated, "I'm serious, if this ruins my life, I'm coming back here with a vengeance." The defendant was placed in a cell without further incident and later transferred to the house of correction.
Discussion. "In reviewing a motion to dismiss a complaint, the judge must decide whether the complaint application contains 'sufficient evidence to establish the identity of the accused ... and probable cause to arrest him.' " Commonwealth v. Humberto H., 466 Mass. 562, 565 (2013), quoting from Commonwealth v. McCarthy, 385 Mass. 160, 163 (1982). The complaint application must establish probable cause by providing "reasonably trustworthy information sufficient to warrant a reasonable or prudent person in believing that the defendant has committed the offense." Humberto H., supra, quoting from Commonwealth v. Roman, 414 Mass. 642, 643 (1993). Whether the complaint application establishes probable cause is a question of law; thus, "we review the motion judge's ... determination de novo." Humberto H., supra at 566, quoting from Commonwealth v. Long, 454 Mass. 542, 555 (2009).
"What is a threat must be distinguished from what is constitutionally protected speech." Watts v. United States, 394 U.S. 705, 707 (1969). General Laws c. 275, § 2, does not define the term "threat," but "its elements have been held to 'include an expression of intention to inflict a crime on another and an ability to do so in circumstances that would justify apprehension on the part of the recipient of the threat." Commonwealth v. Troy T., 54 Mass. App. Ct. 520, 524 (2002), quoting from Commonwealth v. Robicheau, 421 Mass. 176, 183 (1995).[2]
The Commonwealth's complaint fails to establish probable cause that the defendant intended to injure or threaten a specific person or property. The defendant's words may be construed as menacing, but "[m]enacing words alone, even those that express a threat to commit a crime, do not constitute an offense under G. L. c. 275, § 2." Commonwealth v. Furst, 56 Mass. App. Ct. 283, 284 (2002). "For such a ... violation to occur, such words must first be communicated in some manner to the defendant's intended victim, directly or through an intermediary."Ibid.
The complaint application does not suggest that the defendant had any particular victim in mind or intended for his threat to be communicated to anyone. He did not target the court officers, and they were not frightened or apprehensive after his outbursts.
The Commonwealth suggests that a threat to the occupants of the court house can be inferred from the defendant's statements. "[L]anguage properly may be understood and treated as a threat even in the absence of an explicit statement of an intention to harm the victim as long as circumstances support the victim's fearful or apprehensive response." Commonwealth v. Chou, 433 Mass. 229, 234 (2001). Examining the defendant's words "in the context of the actions and demeanor which accompanied them," Commonwealth v. Elliffe, 47 Mass. App. Ct. 580, 582 (1999), the only reasonable inference is that the defendant's outbursts were an expression of anger over his arrest rather than a true threat directed at any particular person. Compare Watts, 394 U.S. at 706-708 (war protester's statement that if inducted into the armed forces and made to carry a rifle, "the first man I want to get in my sights is L.B.J.," was not a "true 'threat' " given its conditional nature and context), with Commonwealth v. Sholley, 432 Mass. 721, 723-724 (2000) (defendant ran around court room and yelled at occupants before threatening a particular prosecutor, then continued to yell about "war" and "bloodshed" while court officers removed him), and Commonwealth v. Milo M., 433 Mass. 149, 154-155 (2001) (defendant made two drawings of himself perpetrating violence upon his teacher and presented drawings to her in angry and defiant manner).
We recognize that the probable cause standard is "considerably less exacting than the requirement that a judge must apply at trial." Commonwealth v. Bell, 83 Mass. App. Ct. 61, 63 (2013). Moreover, "[i]n analyzing a putative threat, we eschew a technical parsing of the words used and instead consider the entire context in which a statement is made, including the defendant's actions and demeanor at the time." Commonwealth v. Meier, 56 Mass. App. Ct. 278, 280 (2002), quoting from Troy T., 54 Mass. App. Ct. at 528. Nonetheless, the defendant's statements considered in context cannot reasonably be understood to threaten any particular person or property.
Given the recent highly publicized shootings across the nation, we take judicial notice of actual and potential violence in our court houses. See Commonwealth v. Harris, 383 Mass. 655, 656 (1981) (taking judicial notice of "threats of violent acts directed at court houses"). However, the complaint application does not make out the requisite "expression of intention to inflict a crime on another." Robicheau, 421 Mass. at 183. Therefore, we agree with the motion judge that the complaint did not establish probable cause that the defendant's speech constituted a crime.
Order allowing motion to dismiss complaint affirmed.

Instruction § 6.700 of the Criminal Model Jury Instructions for Use in the District Court (2013) requires the Commonwealth to prove four elements:
"First: That the defendant expressed an intent to injure a person, or property of another, now or in the future;
"Second: That the defendant intended that his (her) threat be conveyed to a particular person;
"Third: That the injury that was threatened, if carried out, would constitute a crime; and
"Fourth: That the defendant made the threat under circumstances which could reasonably have caused the person to whom it was conveyed to fear that the defendant had both the intention and the ability to carry out the threat."